NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HIRAM R. JOHNSTON, JR., | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-4460 (NLH) |
| | : | |
| v. | : | |
| | : | |
| WARDEN ARTIST, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Hiram R. Johnston, Jr., *Pro Se*
539543
B.C.D.C.
54 Grant Street
Mt. Holly, NJ 08060

**HILLMAN, District Judge**

Plaintiff, Hiram R. Johnston, Jr., incarcerated at the Burlington County Detention Center, Mt. Holly, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint. During the pendency of this action, Plaintiff has filed four motions which remain pending.

1

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons set forth below, the Court concludes that Plaintiff's complaint must be dismissed, without prejudice. All pending motions will be dismissed as well.

## BACKGROUND

### 1. Complaint

Plaintiff's complaint alleges violations of his First Amendment right to access the courts and his Eighth Amendment rights concerning conditions of his confinement and medical care. As a pretrial detainee (see Compl., Statement of Claims, p. 6), Plaintiff's claims are analyzed under the Fourteenth Amendment.

In his original complaint, Plaintiff seeks to sue Burlington County Detention Center ("BCDC") employees including: Warden Artist, Captain Larkins, and the Burlington County Sheriff's Department. He also names the Burlington County Prosecutor and the Governors of New Jersey and Pennsylvania as defendants (docket entry 1). By way of motion granted on August 14, 2012, Plaintiff amended his complaint to add the Burlington County Ombudsman, Heshim J. Thomas, Esq., as a defendant.

Plaintiff claims that on June 20, 2012, he was transported by the Burlington County Sheriff's Department from a state prison in Pennsylvania to the BCDC in accordance with the Interstate Agreement on Detainers ("IAD"). (Compl., ¶ 6, Statement of Claims).  However, Plaintiff was not allowed to transport his legal papers with him to BCDC.  Plaintiff claims that "this refusal resulted in sabotaging my access to the courts and continued legal preparation of all the legal matters I was actively litigating pro se, including but not limited to an appeal currently pending in the PA Supreme Court involving my current incarceration, a divorce matter currently pending . . . , a Post Conviction Relief Application that I was working on prior to my transfer to N.J. . . .  I was also working on motions to dismiss indictment . . . charging me with "threat to kill" and an information charging me with violating a restraining order . . . . . done under the direct supervision of my attorney . . . ."  (*Id.*).

Next, Plaintiff complains of the conditions of the law library at BCDC.  He states that: "There is only one antiquated typewriter and one outdated computer available to accommodate 8 to 10 prisoners during a 1 ½ hour session in the 'law library' once a week."  (*Id.*). Plaintiff complains that the quality of the library is lacking in terms of its materials, and that the computer is not adequately secure from other inmates.  Plaintiff notes that: "As a direct result of the insufficient access to adequate legal resources at the B[CDC]

3

plaintiff is and has been unable to meaningfully and competently assist in the preparation of his defense on the criminal charges brought against him by the Burl. Co. Prosecutor . . . ." (*Id.*).

Plaintiff also complains that he was assigned to a top bunk with no ladder access. As a result, he must jump onto the bed, exposing his knee joints to pain as a result of an injury. He notes that the state prison in Pennsylvania refused to send his medical records to BCDC. Also, because his medical records were not transferred with him, Plaintiff was subjected to TB testing in a medically inappropriate manner due to certain health conditions he has suffered in the past. Plaintiff further complains of being subjected to an HIV test upon arrival at BCDC, when he had already had a negative test result. (*Id.*)

Plaintiff asks for injunctive and monetary relief pursuant to 42 U.S.C. § 1983, for violations of his constitutional rights.

**2.   Motions**

Plaintiff filed the following motions which remain pending: (1) Motion for Temporary Restraining Order (docket entry 2); (2) Motion for Injunctive Relief (docket entry 8); (3) Appeal of Magistrate Judge's Decision (docket entry 11); and (4) Motion to Amend and Add Additional Defendants (docket entry 12).

Because this Court is dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), these motions will be dismissed,

4

without prejudice, as moot.  Should Plaintiff move to reopen this case and have that motion to reopen granted, he may re-file these motions during the course of litigation.

### DISCUSSION

**1. Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

5

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, *supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  *See Iqbal*, 556 U.S. 677-679.  *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*,

578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See**West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**3. Legal Access Claims**

Plaintiff's claims concerning his legal papers and law library access must be dismissed. The complaint asserts that access to the law library is generally inadequate for pretrial detainees to do

7

legal research, but provides no facts showing that the inadequate access caused actual injury to Plaintiff.

Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008), *cert. denied*, *Stover v. Beard*, 129 S. Ct. 1647 (2009). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'-that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe,* 536 F.3d at 205 (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). To establish standing, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205–206 (quoting *Harbury,* 536 U.S. at 416–17). For example, in *Monroe*, the United States Court of Appeals for the Third Circuit affirmed dismissal of inmates' access to the courts claim for failure to state a claim:

> In this case, the defendants confiscated all of the plaintiffs'
> ... legal materials, including their legal briefs, transcripts,
> notes of testimony, exhibits, copies of reference books,
> treatises, journals, and personal handwritten notes. In their
> initial pleadings, the plaintiffs' claim rested solely on the
> ground that the defendants confiscated their legal materials,
> contraband and non-contraband alike. That claim, on its face,

> was insufficient to state a claim under *Harbury*. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered actual injury.

*Monroe*, 536 F.3d at 206 (citations and footnote omitted).

Further, courts have dismissed access to court challenges of represented prisoners who claim a lack of access to the law library. *See Demeter v. Buskirk*, 2003 WL 22416045 at *3 (E.D. Pa. Oct. 20, 2003) (stating: "Even if the right of access to the courts does encompass defending against criminal prosecution, the fact that Plaintiff was represented by, and had access to, legal counsel in connection with his criminal case precludes a finding of actual injury based on Plaintiff's restricted access to the Prison law library.")(citing *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (denying access to court claim because inmate was represented by counsel for the entire length of pretrial detention) and *Davis v. Milwaukee County*, 225 F. Supp.2d 967, 973 (E.D. Wis. 2002)(rejecting access to court claim because inmate had access to a court-appointed attorney)); *see also Cook v. Boyd*, 881 F. Supp. 171, 176 (E.D. Pa. 1995) (stating "[w]here a prisoner is provided an attorney by the state to represent him at a civic hearing, the prisoner's right to access to the courts is vindicated."); *Russell*

9

*v. Hendrick*, 376 F. Supp. 158 (E.D. Pa. 1974) (stating that "[i]f a prisoner has reasonable access to legal counsel then he has the means to prepare, serve and file whatever documents are necessary;" and holding that "plaintiff, through counsel, had adequate access to the courts and was not in the least damaged by his inability to do his own legal research to supplement that of his attorney").

In this case, Plaintiff notes that his goal was to assist his attorney in his criminal case and appeal. Further, despite his lengthy Statement of Facts, nowhere does Plaintiff allege "actual injury" sufficient to allow his claims to proceed past *sua sponte* screening, that is, that he "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim." *See Monroe,* 536 F.3d at 205. Plaintiff claims that he couldn't "competently participate" in discovery in his criminal case or in his civil cases; however, he does not allege actual injury from his inability to participate to the extent he desired. As such, Plaintiff's claims concerning legal access will be dismissed without prejudice.

4.  **Conditions of Confinement**

Plaintiff asserts that he was placed in an upper bunk, which is not conducive to his medical condition, and that BCDC is unaware of his medical history due to the failure of the Pennsylvania state prison to transfer his medical records.

Because Plaintiff is a pretrial detainee, the Fourteenth Amendment's Due Process Clause governs his claims, as opposed to the Eighth Amendment which applies to convicted prisoners. *See Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) ("*Hubbard I*"); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). The Due Process Clause prohibits "punishment" of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law. *See Bell*, 441 U.S. at 535-37; *Hubbard I*, 399 F.3d at 164-65. To determine whether conditions of confinement amount to "punishment", courts "ask, first, whether any legitimate purposes are served by the[ ] conditions, and second, whether the[ ] conditions are rationally related to these purposes." *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) ("*Hubbard II*") (citing *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983)).

The Third Circuit's decision in *Hubbard* II is instructive. There, the court held that requiring pretrial detainees to sleep on mattresses on the floor in cells holding three inmates for between three and seven months did not constitute punishment in violation of the Fourteenth Amendment. 538 F.3d at 234-35. The court stressed that the inmates had access to large day rooms and that the record did not substantiate the plaintiffs' claims that the use of floor mattresses caused disease or led to the splashing of human waste on

11

them. *See id.* The court concluded that the conditions were not constitutionally excessive given the totality of the circumstances. *See id.*

Here, Plaintiff's assertion concerning the failure to transfer his medical records does not translate to a claim of a violation of his due process. Plaintiff neither claims that he does not receive appropriate medical examinations and care at BCDC, nor that he has an injury that needs to be addressed. While Plaintiff alleges that sleeping on the top bunk aggravates his knee condition, Plaintiff does not claim that he sought medical attention for his knee problems and was denied. Nor does it appear that he requested through medical or the administrative process to be reassigned to a different bunk.

As such, Plaintiff has not provided sufficient information to deem his claims facially plausible to allow these claims to proceed past *sua sponte* screening pursuant to *Iqbal*, supra. As such, his claims will be dismissed, without prejudice.

5.  **Motions**

Plaintiff's motions for a TRO, for injunctive relief, and to appeal the magistrate judge's decision, as well as his motion to add new parties must be dismissed, because this Court finds that Plaintiff's underlying claims must be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim.  The dismissal is without prejudice to Plaintiff filing a motion to reopen and an Amended Complaint if he can cure the deficiencies as set forth in this Opinion.  Plaintiff's pending motions are also dismissed without prejudice.

An appropriate Order follows.


                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN
                                    United States District Judge
Dated: March 19, 2013

At Camden, New Jersey